IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

G&K SERVICES, CO.,                        *
                                          *
                    Plaintiff,            *
vs.                                       *        No. 3:08cv0048 SWW
                                          *
                                          *
BILL'S SUPER FOODS, INC. and              *
BILLY ORR,                                *
                                          *
                    Defendants.           *

ORDER

Plaintiff G&K Services, Co. (G&K), a Minnesota corporation which sells and leases

textile goods and services, brings this action against defendants Bill's Super Foods, Inc. (Bill's),

an Arkansas corporation that owns and operates a small chain of retail grocery and convenience

stores, and its President, Billy Orr (Orr), alleging that defendants breached the parties'

September 12, 2006 Service Agreement by terminating the Service Agreement without the

required written notice.  Defendants, in turn, have counterclaimed against G&K, alleging claims

which in large part arise from Bill's assertions that G&K engaged in the practice of charging

"phantom" and "bogus" charges to invoices.  Defendants also assert claims concerning quality of

service.  Trial is currently scheduled for June 27, 2011, in Jonesboro, Arkansas.

The following motions are before the Court: (1) defendants' renewed motion in limine

[doc.#106]; (2) defendants' renewed second motion in limine [doc.#108]; (3) defendants' motion

for leave to file an amended and supplemental motion for reconsideration [doc.#111]; (4)

defendants' motion for leave to file an amended and supplemental renewed motion in limine

[doc.#112]; (5) G&K's motion in limine [doc.#113]; (6) defendants' motion for leave to file an

amended answer to the third amended complaint [doc.#122]; and (7) defendants' motion for

leave to file a supplemental and second amended counterclaim [doc.#123].  Responses and

replies to most of these motions have been filed.  For the reasons that follow, the Court denies

defendants' renewed motion in limine, denies defendants' renewed second motion in limine,

denies defendants' motion for leave to file an amended and supplemental motion for

reconsideration, denies defendants' motion for leave to file an amended and supplemental

renewed motion in limine, defers ruling on G&K's motion in limine, denies defendants' motion

for leave to file an amended answer to the third amended complaint, and denies defendants'

motion for leave to file a supplemental and second amended counterclaim.

I

On January 12, 2009, G&K filed a motion for summary judgment [doc.#44], which was

referred to Magistrate Judge J. Thomas Ray for recommended disposition.  On August 19, 2009,

Judge Ray issued proposed findings and recommend disposition [doc.#82] in which he

recommended that G&K's motion for summary judgment be granted in part and denied in part.

Specifically, Judge Ray concluded that (1) G&K is entitled to summary judgment against Bill's

on its breach-of-contract claim for Bill's failure to comply with the Service Agreement's

unambiguous "written notice and cure" provision which required Bill's, in order to terminate the

Service Agreement "without penalty," to give G&K written notice "detailing" G&K's "service

deficiencies," and between sixty and seventy days after giving this written notice, provide G&K

with "a second written notice detailing the continuing deficiencies"; (2) G&K is not entitled to

summary judgment on its liquidated damages claim given the disputed questions of fact

surrounding the average weekly amount of G&K's invoices to Bill's; (3) G&K is not entitled to

summary judgment on its claim that Orr is "jointly and severally" liable with Bill's based on his

execution of a Personal Guaranty as the evidence establishes that Bill's has paid G&K all of its outstanding invoices leaving only the claim for liquidated damages, and only assuming that a jury finds Bill's liable for liquidated damages and this judgment is later affirmed on appeal would G&K be in a position to assert its claim against Orr for his alleged breach of a Personal Guaranty; (4) defendants' claims relating to "phantom charges" are substantively the same as those claims relating to "Ancillary Charges" that were settled in a separate class action involving G&K & Bill's for the class period from July 1, 1999, through July 1, 2006, and as to these claims, G&K is thus entitled to summary judgment; (5) G&K is not entitled to summary judgment on defendants' claims alleging (a) the imposition of inconsistent charges for rental items among different stores, (b) overcharging various rental items, (c) delivering rental items that did not fit or were otherwise defective, (d) overstocking and hiding excessive inventory, and (e) poor quality of service, as these five claims are not the same claims litigated in the class action; likewise, defendants' claim that G&K imposed "phantom charges," *after* the class period ended on July 1, 2006, are not barred; and (6) as there is nothing in the "written notice and cure" provision, or in any other part of the Service Agreement, that places any conditions on the customer's right to sue G&K for its alleged breach, *i.e.*, for its failure to perform its obligations under the contract, G&K is not entitled to summary judgment on defendants' breach of contract claims, including failure to provide quality service, due to defendants' failure to comply with the "written notice and cure" provision of Service Agreement as that provision applies only to the customer's right to early termination of the contract, *i.e.*, its right "to terminate [the] Agreement without penalty."

By Order dated September 15, 2009 [doc.#87], this Court, over defendants' objections

[doc.#'s 83, 84], approved and adopted Judge Ray's Proposed Findings and Recommended Disposition as this Court's findings and disposition in all respects.  Defendants subsequently filed a motion for reconsideration, arguing, *inter alia*, that the "written notice and cure" provision of the Service Agreement is ambiguous, that G&K was "sufficiently notified of its erroneous and fraudulent pricing and continuous overcharges, which precludes Summary Judgment in favor of [G&K] on its Breach of Contract claim," that a reasonable jury *could* find the Defendants were not required to comply with a written notice in this instance," a jury "could find that Defendants literally complied with the Service Agreement provision or substantially complied with the Service Agreement provision," and defendants "***had cause*** to terminate the Contract."  Mot. for Reconsideration (emphasis added) [doc.#88].

By Order dated October 28, 2009 [doc.#90], this Court denied defendants' motion for reconsideration.  The Court noted that "[d]efendants' motion ... reasserts the same arguments raised in their initial objections to Judge Ray's Proposed Findings and Recommended Disposition–arguments, it should be noted, that were not raised in their summary judgment papers–and this Court finds no basis for reconsidering its Order approving and adopting Judge Ray's Proposed Findings and Recommended Disposition."

Following establishment of the final trial setting of June 27, 2011, the parties filed the motions now before the Court.

II

As an initial matter, the Court notes that many, if not all, of the arguments set forth in defendants' motions in limine have already been addressed by the Court, in some cases multiple

times.[1]  It is an improper use of an in limine motion to relitigate issues already decided by the Court.  *United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02 Civ. 4182 (CSH), 2006 WL 3146422, at *3 (S.D.N.Y. Oct. 30, 2006).  Nevertheless, the Court will proceed to address defendants' motions in limine but informs defendants that it will not again entertain the arguments or issues addressed herein.

1

Defendants' renewed motion in limine [doc.#106] asks the Court to "exclude any reference to the Court's earlier finding that the Defendants purportedly breached the Service Agreement by failing to give written notice to Plaintiff of the [allegedly] poor quality of services provided by Plaintiff to Defendant under the Service Agreement until the close of all the evidence and reconsider and modify its Affirmance of the Magistrate's Findings and Recommended Disposition (Document 82 and 87) in connection with Defendants/Counter-Claimants' defense to the allegation of Breach of Contract" and with respect to the following four affirmative defenses: (1) "Defendants' affirmative defense that Plaintiff materially breached the Service Agreement first thus excusing performance by the Defendants"; (2) "Defendants' affirmative defense of substantial compliance and performance"; (3) "Defendants' affirmative defense of waiver"; and (4) "Defendants' affirmative defense of Estoppel."

The Court denies defendants' renewed motion in limine as it has already determined as a matter of law that Bill's is in breach of the Service Agreement and, in so doing, rejected the affirmative defenses raised by Bill's.  The only issues that the upcoming trial will address are G&K's entitlement to damages and those aspects of the defendants' counterclaim that remain

---

[1] In addition, defendants' motions in limine, as will be seen, are in many cases duplicative of one another.

following this Court's adoption of Judge Ray's recommended disposition.

In addition, G&K is entitled to the trier of fact being made aware of this finding at the beginning of the trial so that G&K may proceed to put on proof of the damages portion of its claim. Otherwise, G&K would have to either litigate a claim (breach of the Service Agreement) that the Court has decided as a matter of law, or omit proof of the breach to the jury without any explanation and proceed directly to proof of damages, which would confuse the jury. G&K is entitled to have the Court instruct the jury at the outset of the case that the Court has previously determined as a matter of law that Bill's has breached the Service Agreement, and explain to the jury the issues which remain for the jury to determine.[2]

2

Defendants' renewed second motion in limine [doc.#108] asks the Court to dismiss G&K's Personal Guaranty claim against Orr on grounds that this claim has "no foundation in fact" and is furthermore unripe. The Court denies defendants' renewed second motion in limine. Defendants do not explain why they waited until now to move to dismiss G&K's Personal Guaranty claim against Orr even though they knew of that claim since at least the filing of G&K's third amended complaint in May 2008. In any case, the Court will not dismiss G&K's Personal Guaranty claim against Orr for failure to state a claim at this time.

In addition, the Court has already addressed the scope of the ripeness issue concerning G&K's Personal Guaranty claim against Orr. In this respect, Magistrate Judge Ray's Proposed Findings and Recommended Disposition that were adopted in full by this Court stated as follows:

---

[2] G&K has proposed a preliminary jury instruction to be given by the Court on this issue. The Court will rule on giving this instruction or something similar immediately prior to trial.

Even if the Court were to agree with Plaintiff that Defendant Orr's Personal Guaranty applies to any "amounts found to be due" by Defendant Bill's, Plaintiff simply is *not* in a position, *at this time*, to seek summary judgment on this claim. Under Arkansas law, a guarantor is a "favorite of the law," and his "liability is not to be extended by implication beyond the expressed terms of the agreement or its plain intent." *Helena Chemical Co. v. Carey*, 93 Ark. App. 447, 220 S.W.3d 235 (2005). "A guarantor is entitled to have [his] undertaking strictly construed and [he] cannot be held liable beyond the strict terms of [his] contract." *Id.*

The plain language of the Personal Guaranty provides that Defendant Orr is only liable to Plaintiff for obligations that "may become due" *after* Defendant Bill's "fails to pay the same." Because Defendant Orr's obligation is *contingent on* Defendant Bill's failure to pay a sum that becomes "due," there can not be anything "joint and several" about this obligation. The evidence establishes that Defendant Bill's has paid Plaintiff for all of its outstanding invoices. This leaves only Plaintiff's claim that Defendant Bill's is liable for liquidated damages, *something that has not yet been adjudicated.*

Assuming that a jury finds Defendant Bill's liable for liquidated damages and this judgment is later affirmed on appeal, Plaintiff would then be in a position to demand that Defendant Bill's pay it the obligation that is "due." Assuming Defendant Bill's "fail[ed] to pay the same," only then would Defendant Orr arguably be liable under the terms of the Personal Guaranty. At that point, Plaintiff would be in a position to assert its claim against Defendant Orr for his alleged breach of the Personal Guaranty. Because these contingencies have not yet occurred, Plaintiff's assertion of this claim again Defendant Orr is premature and entirely speculative. Accordingly, the Court concludes that Plaintiff is not entitled to summary judgment on its claim that Defendant Orr is "jointly and severally" liable with Defendant Bill's.

Proposed Findings and Recommended Disposition, at 24.

3

Defendants move for leave to file an amended and supplemental motion for reconsideration [doc.#111]. With this motion, defendants essentially seek leave of the Court to yet again challenge this Court's determination that G&K is entitled to summary judgment against Bill's on its breach-of-contract claim for Bill's failure to comply with the Service Agreement's "written notice and cure" provision. A review of the proposed amended and

supplemental motion for reconsideration reveals, however, that defendants makes the same assertions as before, except to raise a new asserted theory for the Court to reconsider its prior holding, *i.e.* "the Futility Doctrine."  Defendants essentially argue that any written notice that could have been given would have been futile.  The Court, however, is not aware that defendants ever raised this argument, either as an affirmative defense in any prior answer, or in any other prior pleadings.  Regardless, the underlying arguments supporting a futility argument, *i.e.* that oral notice given by Bill's Foods nullified the contractual requirement of written notice and opportunity to cure, have previously been raised by defendants and rejected by the Court.  No new facts are offered, and there is no basis for the Court to change its prior rulings. Accordingly, the Court denies defendants' motion for leave to file an amended and supplemental motion for reconsideration.

4

Defendants move for leave to file an amended and supplemental renewed motion in limine [doc.#112].  With this motion, defendants again challenge this Court's determination that G&K is entitled to summary judgment against Bill's on its breach-of-contract claim for Bill's failure to comply with the Service Agreement's "written notice and cure" provision.  Defendants request that this Court to reverse and vacate its finding that Bill's breached the Service Agreement on grounds that any written notice that could have been given would have been futile.  The Court denies this request for the reasons previously stated with respect to defendants' motion for leave to file an amended and supplemental motion for reconsideration.

Defendants also again ask the Court to "exclude any reference to the Court's earlier finding that the Defendants purportedly breached the Service Agreement by failing to give

written notice to Plaintiff of the [allegedly] poor quality of services provided by Plaintiff to Defendant under the Service Agreement until the close of all the evidence and reconsider and modify its Affirmance of the Magistrate's Findings and Recommended Disposition (Document 82 and 87) in connection with Defendants/Counter-Claimants' defense to the allegation of Breach of Contract" and with respect to the following four affirmative defenses: (1) "Defendants' affirmative defense that Plaintiff materially breached the Service Agreement first thus excusing performance by the Defendants"; (2) "Defendants' affirmative defense of substantial compliance and performance"; (3) "Defendants' affirmative defense of waiver"; and (4) "Defendants' affirmative defense of Estoppel."  This aspect of defendants' motion for leave to file an amended and supplemental renewed motion in limine was addressed in defendants' renewed motion in limine [doc.#106] and is denied for the same reasons.

5

The Court now turns to G&K's motion in limine [doc.#113].  G&K moves to exclude the following matters in light of the prior rulings of the Court and general evidentiary rules:

A. Any mention of affirmative defenses of Bill's to enforcement of the Service Agreement, including but not limited to substantial performance, prior breach by G&K, or estoppel.

B. Any information relating to former or present customers of G&K.

C. Any mention of class action against G&K and settlement.

D. Any mention of or any evidence relating to any claims of defendants against G&K related to "ancillary charges" that arose between July 1, 1999, and July 1, 2006.

E. Any photographs of soiled shirts and mats.

F. Any photographs of places of business of G&K or Bill's.

9

G. Any evidence relating to a third party slip and fall involving a G&K floor mat.

H. Newspaper articles.

I. Settlement.

J. Privileged Matters.

K. Fees.

L. Objectionable Deposition Testimony.

M. Exhibits.

N. Financial Status.

O. Golden Rule.

P. Corporate Representative.

Q. Sending a Message.

The Court will not at this time address any of the matters set forth above, but will direct that defendants, their counsel, and all witnesses called on their behalf not to mention or bring before the jury, either directly or indirectly, upon voir dire examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the jury, or bring to the jury's attention, any of the above matters unless and until such matters have been first called to the attention of the Court as to the admissibility and relevance of any such matters.

6

Finally, defendants move for leave to file an amended answer to the third amended complaint [doc.#122] and for leave to file a supplemental and second amended counterclaim

[doc.#123].  Although no reasons are given, defendants apparently seek leave to assert additional affirmative defenses and to amend their counterclaim to incorporate new claims.  The Court, however, denies these motions for the same reasons stated by Judge Ray in his Order denying defendants' previous motion requesting permission to amend their answer to assert additional affirmative defenses and amend their counterclaim to incorporate a new claim:

> Defendants do not explain why, at this late date, they are seeking permission, yet again, to amend their pleadings. They state only that they "found it necessary" "[i]n the course of discovery."  (Docket entry #74, Motion for Leave to Amend at 2, ¶3.) Plaintiff opposes Defendants' Motion to Amend on the ground that it is untimely under the Court's Final Scheduling Order.  In a Reply, Defendants contend that their Motion should be granted because they previously consented to three amendments to Plaintiff's Complaint, and because Plaintiff allegedly has been dilatory in discovery and in filing multiple motions. (Docket entry #78.)
>
> As a general rule, leave to amend "shall be freely given when justice so requires," *see* Fed. Civ. P. 15(a). However, the Court may disallow amendment for various reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Moore-El v. Luebbers*, 446 F.3d 890, 901-902 (8th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Defendants have made no showing that the time frames established in the Court's Final Scheduling Order were insufficient to conduct discovery, litigate discovery disputes, and amend the pleadings on a timely basis.  Furthermore, the matters that are the subject of the proposed amendments have been known or should have been readily apparent to Defendants for some time.
>
> Defendants' Motion to Amend its Answer and Counterclaim was filed more than five months *after* the November 6, 2008 deadline to amend the pleadings. While Defendants may have consented to Plaintiff's earlier requests to amend its pleadings, the Court finds it significant that all of those amendments were filed by Plaintiff within the deadline established in the Court's Scheduling Order.  Thus, Defendants' Motion for Leave to File Amended Answer and Counterclaim is denied.

Order filed July 23, 2009, at 42-43 (footnote omitted) [doc.#81].[3]

III

For the foregoing reasons, the Court denies defendants' renewed motion in limine [doc.#106], denies defendants' renewed second motion in limine [doc.#108], denies defendants' motion for leave to file an amended and supplemental motion for reconsideration [doc.#111], denies defendants' motion for leave to file an amended and supplemental renewed motion in limine [doc.#112], defers ruling on G&K's motion in limine [doc.#113], denies defendants' motion for leave to file an amended answer to the third amended complaint [doc.#122], and denies defendants' motion for leave to file a supplemental and second amended counterclaim [doc.#123].

IT IS SO ORDERED this 7th day of June 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Following Judge Ray's Order, the Court issued a new Final Scheduling Order on December 28, 2009 [doc.#91] establishing February 22, 2010, as the new deadline for conducting discovery, and establishing March 22, 2010, as the new deadline for filing motions to amend the pleadings.  Defendants, however, never moved to amend their pleadings despite a new opportunity to do so after Judge Ray's July 23, 2009 Order.

12