IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**G&K SERVICES CO., INC.**                                                  **PLAINTIFF**

v.                               **3:08-CV-00048-JJV**

**BILL'S SUPER FOODS, INC.**
**and BILL ORR**                                                       **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff's Second Renewed and Amended Motion in Limine (Doc. No. 152). Defendants have responded.[1]

**I.**     **BACKGROUND**

On August 19, 2009, United States Magistrate Judge J. Thomas Ray issued Proposed Findings and Recommended Disposition[2] that, after the parties had time to file their objections, was adopted in its entirety by United States District Judge Susan Webber Wright.[3] The court granted summary judgment for Plaintiff, finding that Defendants breached the contract with its "*admitted* failure to comply with the Service Agreement's unambiguous 'written notice and cure' provision."[4] However, the court found that questions of fact remained on (1) whether the liquidated damages provision is enforceable; (2) the average weekly invoices between the parties; and (3) whether Defendants are joint and severally liable.[5]

---

[1]Doc. No. 158.

[2]Doc. No. 82.

[3]Doc. No. 87.

[4]Doc. No. 82 (emphasis in original).

[5]*Id*.

As for Defendants' counterclaims, the court granted summary judgment for Plaintiff as to Defendants' claim for "phantom charges" occurring before July 1, 2006. It denied summary judgment on the remaining claims -- "(1) the imposition of inconsistent charges for rental items among different stores; (2) overcharging various rental items; (3) delivering rental items that did not fit or were otherwise defective; (4) overstocking and hiding excessive inventory; and (5) poor quality of service."[6]

Defendants' Motion for Reconsideration was denied[7] and a jury trial is scheduled to commence on May 1, 2013, to resolve the remaining issues.

## II. DISCUSSION

### A. Motion in Limine 1 -- Enforcement of Service Agreement

Plaintiff assert that Defendants should be precluded from "[a]ny mention of affirmative defenses of Bill's to enforcement of the Service Agreement, including but not limited to substantial performance, prior breach by G&K, or estoppel."[8] Defendants do not specifically respond to this request other than to say that it "addressed all the items . . . in its Pre-trial Brief and Report."[9] The Motion is GRANTED in that any attempt to relitigate the issues already resolved by the court will not be permitted.

---

[6]*Id*.

[7]Doc. No. 90.

[8]Doc. No. 153.

[9]Doc. No. 158.

**B.      Motion in Limine 2 -- G&K Customers**

Plaintiff contends that reference to former or present G&K customers should not be permitted. Defendants did not directly respond to this issue. Based on the information before me, any such reference would not be relevant. Accordingly, Plaintiff's request is GRANTED.

**C.      Motion in Limine 3 -- Class Action**

Plaintiff asks that Defendants be precluded from referencing the class action against G&K and the class action settlement. Any such reference would not be relevant, so Plaintiff's request is GRANTED.

**D.      Motion in Limine 4 -- Pre 2006 Ancillary Charges**

Plaintiff seeks to exclude "[a]ny mention of or any evidence relating to any claims by Defendants against G&K related to "ancillary charges" that arose between July 1, 1999, and July 1, 2006." The request is GRANTED.

**E.      Motion in Limine 5 -- Photographs of Soiled Shirts and Mats**

Plaintiff's request that Defendants not be permitted to use photographs of soiled shirts and mats is DENIED, since such evidence would appear to go to counterclaims that are still pending -- specifically "delivering rental items that did not fit or were otherwise defective" and "poor quality of service."

**F.      Motion in Limine 6 -- Photographs of the Places of Business of G&K or Bill's**

Plaintiff asks that Defendants not be permitted to use "photographs of the places of business of G&K or Bill's." The Motion is DENIED subject their use at trial and application of the Federal Rules of Evidence.

### G. Motion in Limine 7 -- Evidence Relating to a Third Party Slip and Fall

Plaintiff asserts that "evidence relating to a third party slip and fall involving a G&K floor mat should be excluded." To the extent that Defendants are attempting to establish that the provided equipment was defective, a passing reference to the slip-and-fall incident may be mentioned. Details are not necessary. Since Plaintiff contends that it has no documentation regarding the specific incident, Defendants are directed to forthwith provide Plaintiff with the documentation supporting the reference slip-and-fall.

### H. Motion in Limine 8 -- Newspaper Articles

Plaintiff contends that Defendants should not be allowed to present newspaper articles talking about Bill's. The motions is GRANTED, since newspaper articles are hearsay.[10] If Defendants believes that the articles are entitled to some exception under the Federal Rules of Evidence, they can file a motion to reconsider.

### I. Motion in Limine 9 -- 2011-2012 G&K Communications and Websites.

Plaintiff wants to exclude any reference to 2011-2012 G&K Communications and Websites. Since the issues surrounding this case arose long before 2011, this evidence would be irrelevant and the Motion is GRANTED.

### J. Motion in Limine 10-12 -- Settlement, Privilege, Fees

Plaintiff's request to preclude any reference to settlement, attorney client privilege, and fees are GRANTED.

---

[10]*Miller v. Tony and Susan Alamo Foundation*, 924 F.2d 143, 147 (8th Cir. 1991) (holding that newspaper articles are "rank hearsay").

K.     **Motion in Limine 13 -- Objectionable Deposition Testimony**

Reference to objected-to deposition testimony must be presented to me before hand, outside the hearing of the jury.

L.     **Motion in Limine 14 -- Exhibits**

As for tendering and using exhibits, the parties are expected to follow the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules for the Eastern District of Arkansas.

M.     **Motion in Limine 15 -- Financial Status**

Plaintiff asserts that any reference to its financial status is irrelevant. The Motion is GRANTED at this time, since Defendant did not respond.

N.     **Motion in Limine 16 – Golden Rule**

Plaintiff's request to bar counsel from requesting the jury to "do unto others . . ." is GRANTED.

O.     **Motion in Limine 17 -- Corporate Representative**

Plaintiff's request that Defendants not be permitted to referencing the presence, or lack thereof, of a corporate representative is GRANTED.

P.     **Motion in Limine 16- Sending a Message**

Plaintiff's request that Defendants be precluded from asking the jury to "send a message" is GRANTED.

SO ORDERED this <u>12th</u> day of January, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5