**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

G&K SERVICES CO., INC.                                                                                           PLAINTIFF

v.                                              3:08CV00048-JJV

BILL'S SUPER FOODS, INC.                                                                                       DEFENDANT

## ORDER

Pending are Plaintiff's Motions for Judgment as a Matter of Law (Doc. No. 201) and for Prejudgment Interest (Doc. No. 204). Defendant has responded (Doc. Nos. 206, 208). Also pending are Defendant's Motions for Judgment Notwithstanding the Verdict, New Trial, and for Remittitur (Doc. No. 210) and for Prejudgment Interest (Doc. No. 212).

**I.     BACKGROUND**

After a two-day trial, a jury found for Plaintiff on its contract-based claims for liquidated damages and awarded Plaintiff $50,837.92. The jury found for Defendant on its counterclaim for deceptive trade practices and awarded Defendant $25,418.96. On Defendant's counterclaim for fraud, the jury found for Plaintiff.

**II.    DISCUSSION**

    **A.     Plaintiff's Motion for Judgment as a Matter of Law**

Plaintiff asserts it is entitled to judgment as a matter of law on Defendant's counterclaim for deceptive trade practices, because Defendant "failed to present sufficient proof to provide the jury with a legally sufficient evidentiary basis to support the award it made . . . ." (Doc. No. 202.)

As set out in Jury Instruction 12, to prevail on its deceptive trade practices claim, Defendant had to establish by the greater weight of the evidence that 1) Defendant sustained damages; 2) Plaintiff knowingly engaged in an unconscionable, false, or deceptive act or practice in business,

1

commerce, or trade; and 3) Plaintiff's conduct was the proximate cause of Defendant's damages. (Doc. No. 186.)

When considering a motion for judgment as a matter of law, the court must "view[] the evidence in the light most favorable to the prevailing party and mak[e] all reasonable inferences in favor of the jury's verdict." *In re Prempro Products Liability (Scroggin v. Wyeth)*, 586 F.3d 547, 568-69 (8th Cir. 2009) (citations omitted). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *Id.* at 569.

After hearing the evidence and viewing it in a light most favorable to Defendant, it cannot be said that no reasonable jury could have found for Defendant. For example, Defendant presented evidence that Plaintiff repeatedly charged Defendant for items it did not order and that after several meetings Plaintiff offered no legitimate explanation for the billing problems. Additionally, Defendant established on numerous occasions Plaintiff's bills included surcharges in excess of contracted amounts. Although testimony by Defendant's representative supports Plaintiff's position that the billing issues were not intentional, a reasonable jury -- as it appears to have done here -- could find that Defendant engaged in deceptive trade practices through the unexplained, recurring, incorrect charges. Accordingly, the Motion for Judgment as a Matter of Law is DENIED.

### B.    Plaintiff's Motion for Prejudgment Interest

Plaintiff contends it is entitled to prejudgment interest on its $50,837.92 liquidated damages award.

Prejudgment interest is permitted when "the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Travis Lumber Co. v. Deichman*, 319 S.W.3d 239, 256 (Ark. 2009). "This standard is met if a method exists for fixing the exact value of a cause of action at the time of the occurrence of the event that gives rise to the cause of action." *Id.*

2

Under the contract, liquidated damages were 50% of the average weekly amounts invoiced to Defendant during the 90 days before the breach, multiplied by the number of weeks remaining in the term of the Agreement. Therefore, it was possible to determine the amount of damages at the time of the breach.

Accordingly, Plaintiff is awarded prejudgment interest on $50,837.92 from the date of the breach (May 25, 2007) until the date of the judgment (May 8, 2013), at a rate of 4% per annum,[1] for an interest total of $12,285.83. This results in a total judgment of $63,123.75.

### C.     Defendant's Motion for Judgment Notwithstanding the Verdict, New Trial, and for Remittitur

Defendant's Motion is denied. Defendant already raised these arguments and the Court rejected them. (Doc. Nos. 47, 83, 88, 93, 106, 111, 112, 166, 192.) For the reasons set out in the Court's previous orders (Doc. Nos. 82, 87, 90, 125, 168), the Motion for Judgment Notwithstanding the Verdict, New Trial, and for Remittitur is DENIED.

### D.     Defendant's Motion for Prejudgment Interest

Defendant seeks prejudgment interest on its $25,418.96 award based on the deceptive trade practices claim. "Where conflict exists over the validity of the damages sought by the plaintiff and the fact-finder is required to use its discretion to determine the amount of damages, prejudgment interest should not be awarded." *Conway Commercial Warehousing, LLC v. FedEx Freight East, Inc.*, 381 S.W.3d. 94, 100 (Ark. App. 2011). In this case, the jury determined that Defendant proved deceptive trade practices based on Plaintiff's billing practices. However, the jury's award was not based on the overcharge amount; rather, the award was 50% of the judgment awarded to Plaintiff --

---

[1] Based on the length of time it took to resolve this case and current fair market interest rates, I believe that 4% is a reasonable interest rate.

an amount that could not have been determined before trial. Accordingly, Defendant is not entitled to prejudgment interest.

## III. CONCLUSION

Based on the findings of fact and conclusions of law above,

1. Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 201) is DENIED;

2. Defendant's Motion for Judgment Notwithstanding the Verdict, New Trial, and for Remittitur (Doc. No. 210) and Motion for Prejudgment Interest (Doc. No. 212) are DENIED.

3. Plaintiff's Motion for Prejudgment Interest (Doc. No. 204) is GRANTED as set out above.

4. Both parties are entitled to post-judgment interest at 0.14% per annum.

SO ORDERED this 12th day of June, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE