IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**G&K SERVICES CO. , INC.**                                                                                 **PLAINTIFF**

v.                                                    **3:08-CV-00048-JJV**

**BILL'S SUPER FOODS, INC.**                                                                 **DEFENDANT**

**ORDER**

Pending are Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 217) and Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 219). Each side has responded and replied to the other's motion.[1]

**I.  BACKGROUND**

After a two-day trial, a jury found for Plaintiff on its contract-based claim for liquidated damages and awarded Plaintiff $50,837.92. The jury sided with Defendant on its counterclaim for deceptive trade practices, awarding it $25,418.96. As to Defendant's counterclaim for fraud, the jury found for Plaintiff.

**II.  DISCUSSION**

   **A.   Prevailing Party**

In awarding attorneys' fees, the first step is to determine the prevailing party. The Arkansas Supreme Court has held that "the prevailing party is determined by who comes out 'on top' at the end of the case,"[2] and adopted language from a Missouri case:

> There can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict each party wins on some of the issues and as to such issues he prevails, but the party in whose favor the verdict compels a judgment is the prevailing party. Each side may score but the one with the

---

[1] Doc. Nos. 221, 223, 224, 225, 226, 227.

[2] *Marcum v. Wengert*, 40 S.W.3d 230, 236 (Ark. 2001).

1

most points at the end of the contest is the winner, and . . . is entitled to recover his costs.[3]

Plaintiff prevailed on its breach of contract claim (when the Court granted its motion summary judgment[4]) and the jury found that Plaintiff was entitled to liquidated damages of $50,837.92. The jury also found for Plaintiff on Defendant's fraud claim. Defendant prevailed on its claim of deceptive trade practiced and the jury awarded Defendant $25,418.96. Accordingly, Plaintiff came out "on top" at the conclusion of this case and is the prevailing party.

**B.     Attorneys' Fees**

The contract at issue in this case provided that "Customer agrees to pay G&K all costs, including reasonable attorney's fees, incurred by G&K to enforce Customer's obligations under this Agreement."[5] Based on this language, Plaintiff is entitled to reasonable attorneys' fees.

Plaintiff requests attorneys' fees of $109,946.50. This amount is the sum of 496.7 lawyer-hours at rates ranging from $150 to $260 an hour. This total also includes 25.7 hours by law clerks and paralegals at $50 to $75 an hour.

First, Plaintiff request for attorneys' fees will be reduced by $22,860.00 based on time spent on causes of action on which Plaintiff was unsuccessful.

Second, after review, it appears that somewhere around 23 hours were attributed to working on jury instructions. I believe this number is excessive, and will reduce Plaintiff's request by $4,320.00[6]

---

[3]*Id.* (citations omitted).

[4]Doc. Nos. 82, 87.

[5]Doc. No. 44, Exhibit 1.

[6]Five hours is more than sufficient for jury instructions that were not complicated. Accordingly, I subtracted 18 hours at $240 an hour for a total of $4,320.

Considering these deductions, Plaintiff is entitled to $82,766.50 in attorneys' fees from Defendant. While this amount may seem substantial, this litigation spanned five years, and Plaintiff spent many hours responding to Defendant's unsuccessful motions to re-litigate issues adjudicated by the Court. For example, Defendant filed at least five motions to reconsider the Court's summary judgment ruling. (See Doc. Nos. 47, 83, 88, 93, 106, 111, 112, 166, 192.)

**C.      Costs**

Plaintiff seeks costs totaling $3,708.85. This request includes filing fees ($350.00), long distance telephone/facsimile ($5.95), outside printing/photocopies/postage/supplies ($371.05), process service ($50.00), depositions ($1,804.40), and travel expenses/mileage ($1,127.45).

Title 28 U.S.C. § 1920 sets out the costs that may be taxed against a party. Plaintiff argues that 28 U.S.C. § 1920 does not apply because this is a contract case, but provides no authority for its position. Since the Eighth Circuit has held that "costs above those allowed by statute should be awarded only sparingly,"[7] and there is nothing to differentiate this case from the status quo, Plaintiff is entitled to costs of $2,204.40, as allowed under 28 U.S.C. § 1920.[8]

---

[7] *Hiegel v. Hill*, 771 F.2d 358, 360 (8th Cir. 1985).

[8] This total includes the costs of filing fees, deposition transcripts, and the process server. It does not include outside printing/photocopies, because, based on the submissions, it is unclear whether the copies were necessary for the litigation or for the convenience of the parties.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 217) is GRANTED. Accordingly, Plaintiff is entitled to $82,766.50 in attorneys' fees and $2,204.40 in costs from Defendant.

Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 219) is DENIED.

IT IS SO ORDERED this 25th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE