IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**G&K SERVICES CO., INC.**                                                            **PLAINTIFF**

v.                                    **3:08CV00048-JJV**

**BILL'S SUPER FOODS, INC.**                                                          **DEFENDANT**

## ORDER

Based on the September 5, 2014, Eighth Circuit Court of Appeals order, I have reconsidered my July 25, 2013, Order denying Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 219). After reconsideration, the Motion is GRANTED in part, as follows.

**I.    BACKGROUND**

After a two-day trial, a jury found for Plaintiff on its contract-based claim for liquidated damages and awarded Plaintiff $50,837.92. The jury sided with Defendant on its counterclaim for deceptive trade practices, awarding it $25,418.96. As to Defendant's counterclaim for fraud, the jury found for Plaintiff.

On September 5, 2014, the Eighth Circuit Court of Appeals issued an order affirming all previous rulings, except for the issue of Defendant's attorneys' fees. The relevant portion of the order reads:

> As we understand the statutes, a party who prevails on a cause of action to recover actual damages under the Arkansas Deceptive Trade Practices Act is eligible for an award of attorney's fees, in the discretion of the court, even when another party is the prevailing party in the overall action for purposes of § 16-22-308. *Cf. Thomas v. Olson*, 220 S.W.3d 627, 633 (Ark. 2005)

**II.    DISCUSSION**

Defendant request attorneys' fees of $77,419.00. This amount is the sum of 172.75 hours billed at $200 and hour and 192.30 hours billed at $210 an hour. This total also includes 52.15 hours

1

for a law clerk at the rate of $40 an hour.[1]  Defendant's hourly rates are reasonable but the hours expended will be reduced as set out below.

### A. Successful Claims

As mentioned above, Defendant was successful only on his ADTPA claim.  On June 16, 2008, Defendant filed an Amended Counterclaim, which included a claim for a violation of the Arkansas Deceptive Trade Practices Act.[2]  This is the first time that relief under the ADTPA was alleged, so most of the work done before then, except that involving the drafting of the Amended Counterclaim,[3] is not be recoverable.

The Amended Counterclaim also included claims for breach of contract; fraud, suppression, and deceit; unjust enrichment; money paid by mistake; breach of implied covenant to exercise duty of good faith and fail dealing; injunctive relief; and declaratory relief.[4]  Only the ADTPA and breach of contract claims made it before the jury, and, again, Defendant was successful on only the ADTPA claim.  So, Defendant was unsuccessful both on the majority of his counterclaims and in its defense against Plaintiff's claims.

In evaluating the requested fee, most of the billing entries encompass both successful and unsuccessful claims, which would mean Defendant would be entitled only to partial (if any) credit.  A few examples follow:  2008 for June 19, 30, July 2, 8, 11, 15, 16, 17, 21, 23, August 28, September 29, 30, October 1, 7, 13, 15, 20, 21, 28, 30, November 5, December 17; 2009 for January

---

[1] Doc. No. 219.

[2] Doc. No. 16.

[3] Entries in 2008 on May 16, 19, and 20, and June 10 and 16 reference work on the Amended Counterclaim.  The total is 7.45 hours, but not all of the time was devoted strictly to the Amended Counterclaim, so it will be reduced to 6.45 hours/ $1290.00

[4] Doc. No. 16.

6, 18, 19, April 3, 7, 8, 9, 12, 14, 22, 23, May 4, 5, August 21, 25-28, September 10, 23, 24; 2010 for May 9, 26, 31, June 1; 2011 for April 18, 28, May 15; 2013 for February 11, 12, March 21, 22, 30, 31; April 1.[5]

Many of these listings involve work on unsuccessful claims or motions that were denied. For example, on March 31, 2013, Defendant logged 4.25 hours for work on a directed verdict (which was denied) and a review of summary of 2002-2007 claims. Importantly, claims predating July 1, 2006, were dismissed by the August 19, 2009, Recommended Disposition and again ruled irrelevant in an April 12, 2013, Order granting Plaintiff's Motion in Limine.[6]

Accordingly, a 60% reduction is warranted when considering Plaintiff's time billed on unsuccessful claims and motions. This reduces the total to $30,967.60.

### B. Excessive Hours

This new total must also be reduced by another 20% for excessive hours. For example, Defendant's counsel had several entries for time spent meeting with the Court's IT person,[7] but learning how to work the equipment in the courtroom should have taken no longer than .5 hours. Also, Defendant claimed it took 1.55 hours to review the magistrate judge's Recommended Disposition.[8] As mentioned before, Defendant spent many hours filing unsuccessful motions to re-litigate issues already adjudicated by the Court. For example, Defendant filed at least five motions

---

[5] Doc. No. 219-1.

[6] Doc. Nos. 82, 159.

[7] I realize that these time listings have other events included in addition to coordinating with IT. May 10 and 11, 2011 (2.65); April 2, 2012 (.85); April 9, 2012 (.40); April 1, 2013 (3.85); and April 19, 2013 (4.2).

[8] Doc. No. 219-1, August 21 and 23, 2009.

3

to reconsider the Court's summary judgment ruling, for which he claims work in excess of 30 hours.[9] Additionally, as mentioned earlier, Defendant continued to work on issues that had been resolved by the Court years earlier. Finally, it appears that somewhere around 40 hours were attributed to working on jury instructions -- again, I note that many times other activities were also mentioned along with the jury instruction entries. As mentioned in my July 25, 2013, Order, five hours is more than sufficient for jury instructions that were not complicated.

Accordingly, a 20% reduction results in a new total of $24,744.08. Notably, but unintentionally, this figure is remarkably close to the reduction Plaintiff was given based on time spent on unsuccessful causes of action.[10]

**C.    Costs**

Plaintiff seeks costs totaling $2,836.06 under 28 U.S.C. § 1920. This requests postage ($79.35), outside printing/photocopies ($356.54), process service fee ($205), witness fee ($184.20), film development ($16.37), and deposition costs ($1,994.60).

However, costs under 28 U.S.C. § 1920 are allowed only to the prevailing party. As mentioned before, in the end, Defendant was not the prevailing party. The Eighth Circuit Court of Appeals recognized that Plaintiff was the prevailing party and remanded the issue of only whether Defendant was entitled to attorney's fees under the ADTPA, even though Plaintiff was the prevailing party. There was no mention of costs. Accordingly, Defendant will not be awarded costs.

---

[9]*See* Doc. Nos. 83 , 88, 93, 106, 110, 111, 112, 166, 192. *See, e.g.*, Doc. No. 219-1, September 23-24, 2009 (2.15); September 24, 2009 (1.20); May 9, 26, 27, and June 1, 2009 (8.1); April 18, 2011 (1.20); April 18 and 28, 2011 (2.55); May 15, 17, 18, 2011 (4.5); March 31, 2013 (4.25), April 13, 17, 21, 2013 (8.6). A total of 32.55 hours.

[10]Doc. No. 228 ("Plaintiff request for attorneys' fees will be reduced by $22,860.00 based on time spent on causes of action on which Plaintiff was unsuccessful.").

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 219) is GRANTED in part and DENIED in all other respects. Accordingly, Defendant is entitled to $24,744.08 in attorneys' fees from Plaintiff. The Clerk is directed to remit $58,255.92 to G&K Services, Co. The Clerk shall return the remaining $24,744.08 to Bills Super Foods, Inc.

IT IS SO ORDERED this 7th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE